UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-117-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MICHAEL HODSON, JR., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Michael Hodson, Jr.'s motion to suppress evidence obtained from two computers located at his residence. [Record No. 17] This motion was referred to United States Magistrate Judge Robert E. Wier for a Report and Recommendation. On December 13, 2006, the Magistrate Judge filed his Report and Recommendation [Record No. 24], recommending that the Defendant's motion be denied. The Defendant and the United States filed objections to the Report and Recommendation. [Record Nos. 25, 27] The Court conducted a hearing on the parties' objections on December 27, 2006, in London, Kentucky.

After reviewing the motion to suppress, the Report and Recommendation, the parties' objections and argument of counsel, the Court believes that the Magistrate Judge's recommendation should be adopted in full . Accordingly, the Defendant's motion to suppress will be denied.

## I.      RELEVANT FACTS

On October 7, 2005, Detective Juan Passano, posing as a twelve-year-old boy, engaged in an AOL instant message chat under the user name "kiddlatino12" with another user identified as "WhopperDaddy."  During the chat, "Whopper Daddy" indicated that he liked "younger" (presumably "younger children") and stated that he had two sons, ages nine and eleven, that he "love[d] to see naked."  "WhopperDaddy" told "kiddlatino12" that he was homosexual and desired to engaged in sexual activity with "kiddlatino12."  During the conversation, "WhopperDaddy" also stated that he was forty-one years old and that he had previously had sexual contact was his seven-year-old nephew.

Subsequently, law enforcement authorities contacted AOL to determine the identity of "Whopper`Daddy."  AOL responded that the screen name "WhopperDaddy" was registered to Michael Leroy Hodson, Jr[1] and that Hodson resided at 338 Schultz Heights Drive in Middlesboro, Kentucky 40965.  Detective Passano then contacted Detective Jacqualine Pickrell and informed her of the information he had acquired *via* the internet chat and the likely identity of "WhopperDaddy."

On January 19, 2006, Detective Pickrell contacted the Kentucky State Police ("KSP"), requesting information on Hodson.  The KSP confirmed Hodson's address.  On or about January 25, 2006, Detective Pickrell prepared an affidavit in support of a search warrant for Hodson's residence.  In the affidavit, Detective Pickrell included: (1) a description of the October 7, 2005,

---

[1]      The Defendant has objected to the Magistrate Judge's factual finding that "AOL responded that 'WhopperDaddy' is Michael Leroy Hodson, Jr., the Defendant in this matter.  The Defendant contends that AOL merely responded that the screen name "WhopperDaddy" was registered to the Defendant.  This factual dispute does not affect the resolution of the motion to suppress.

online chat between "WhopperDaddy" and trained internet investigator posing as "kiddlatino12;" (2) AOL records connecting "WhopperDaddy" to Michael Leroy Hodson, Jr., residing at 338 Schultz Heights Drive in Middlesboro, Kentucky; and (3) KSP information confirming Hodson's address.

On January 29, 2006, a Bell County District Judge issued a warrant, which was executed by authorities on that same date. During the search, authorities seized the Defendant's computer and discovered sexually explicit images of minor boys. Those images are the subject of the instant motion to suppress.

## II.    DISCUSSION

The Defendant has filed objections to the Magistrate Judge's Report and Recommendation. He argues that the Magistrate Judge erred in concluding that: (1) the information contained in the affidavit in support of the search warrant was not stale; and (2) the authorities acted in good faith in relying on the search warrant to search for child pornography.

The United States has also filed objections to the Magistrate Judge's recommended disposition of the motion to suppress. Specifically, the United States contends that the Magistrate Judge erred in finding that there was not probable cause to support a search for child pornography.

### A.    Staleness

The Defendant argues that the information provided in the affidavit was stale because the October 7, 2005, online chat occurred two and one-half months before authorities executed the

warrant on January 26, 2006.[2]  However, as the Magistrate Judge noted, the mere "length of time between the events listed in the affidavit and the application for the warrant, while clearly salient, is not controlling."  *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998).  "A warrant is stale if the probable cause, while sufficient at some point in the past, is now insufficient as to evidence at a specific location."  *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006).  The Sixth Circuit has identified factors that the court should consider in determining whether the information contained in an affidavit and application for a warrant is stale: the defendant's course of conduct, the nature and duration of the offense, the nature of the relevant evidence, and any corroboration of the information.  *United States v. Gardiner*, 463 F.3d 445, 471 (6th Cir. 2006).

Notably, courts that have addressed staleness challenges in pornography cases have recognized that pedophiles and collectors of pornography, particularly involving children, often hoard their material and do not discard it.  As such, these courts have concluded that information relating to "continuing offenses," such as collecting pornography and sexual abuse, have more durability than offenses that are random or isolated.  *See e.g.*, *United States v. Shields*, 458 F.3d 269, 279, n. 7 (3rd Cir. 2006) (information nine months old not stale); *United States v. Irving*, 452 F.3d 110, 125 (2nd Cir. 2006) (two year old information not stale in child pornography case); *United State v. Gourde*, 440 F.3d 1065, 1071 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 578 (Nov. 13, 2006) (information not stale where four months had elapsed since closing of pornographic website and execution of search warrant); *United State v. Riccardi*, 405 F.3d 852,

---

[2]     It appears that the time period in issue is actually three and one-half months, rather than two and one-half months.  This discrepancy does not affect the Court's analysis or alter the outcome.

861 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 299 (Oct. 3, 2005) (information five years old not stale in child pornography case); *United States v. Newsom*, 402 F.3d 780, 783 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1455 (Feb. 27, 2006) ( "Information a year old is not necessarily stale as a matter of law, especially where child pornography is concerned").

The Sixth Circuit has recognized that information suggesting "ongoing criminal activity" is more durable than information of discreet offenses. *United States v. Greene*, 250 F.3d 471, 481 (6th Cir. 2001). As noted by the Magistrate Judge, "[a]lthough the Affidavit in this case describes a single online chat, the content of the online conversation shows that Defendant has a past, present, and prospective sexual interest in young children." [Record No. 24] The Defendant indicated that, in the past, he had sexual relations with his seven-year-old and that he enjoys seeing his sons naked. During the chat, he expressed a desire to have oral sex with "kiddlatino12." Thus, there was evidence indicating that the Defendant had a continuing and "ongoing" sexual interest in children.

The Magistrate Judge properly reviewed the factors courts should consider in determining whether information contained in an affidavit is stale and the Court agrees that application of these factors demonstrates supports his conclusion that the information contained in the instant affidavit was not stale. For these reasons discussed herein and those stated in the Magistrate Judge's Report and Recommendation, the undersigned agrees that the information relating to the October 7, 2006, chat did not become stale during the approximately three and one-half months before law enforcement authorities executed the warrant on January 29, 2006.

### B.     Probable Cause

The United States has objected to the Magistrate Judge's finding that the facts contained in the Affidavit failed to establish probable cause to search for child pornography.  According to the United States, the Defendant's "active and ongoing sexual interest in children, and the fact that the Defendant utilized his computer to further his interest in the sexual exploitation of children, was sufficient to establish probable cause to believe that the Defendant may possess sexually explicit images of children at his residence." [Record No. 27]

In finding that the Affidavit failed to set forth facts to support a search for child pornography, the Magistrate Judge relied primarily on an unpublished decision from the Sixth Circuit, *United States v. Adkins*, 169 Fed. App'x. 961 (6th Cir. 206).  In *Adkins*, the Sixth Circuit determined that an affidavit, which contained "institutional knowledge" regarding the likelihood that a child molester would also possess child pornography, established probable cause to search the defendant's house and car for child pornography.  The Court noted that "[s]tanding alone, a high incidence of child molestation by person convicted of child pornography crimes may not demonstrate that a child molester is likely to possess child pornography." *Id*. at 967.  However, the court concluded that:

> [the institutional knowledge] information, in conjunction with Agent Vito's determination that Mr. Adkins is a preferential offender, supports a finding that Adkins was reasonably likely to possess child pornography.

*Id*. at 967.

Relying largely on *Adkins*, the Magistrate Judge concluded that the instant warrant, which contained only evidence of child molestation and illicit online activity, did not establish probable

cause to search for child pornography.  The Magistrate Judge noted that the affidavit failed to contain any reference to Detective Pickrell's qualifications, experience or opinions.   In particular, the Magistrate Judge indicated that, although Detective Pickrell testified at the suppression hearing that, based on her experience, individuals who sexually abused or engaged in illicit online activity "always" have child pornography, this information was not contained the affidavit.  Thus, the Magistrate Judge found that the search warrant, inasmuch as it exclusively targeted child pornography, was invalid.

The United States contends that *Adkins* does not stand for the proposition that expert language is *required* to support probable cause to search for child pornography when there is evidence of child molestation.  According to the United States, *Adkins* simply addressed the facts before it, which included an affidavit that contained expert opinions.  However, the undersigned agrees with the Magistrate Judge that "the Court is not equipped to supply an empirical link between sexual deviance, or even sexual attraction, and pornography possession." [Record No. 24]  This type of link requires expertise, which Detective Pickrell admittedly had but failed to include in the Affidavit in support of the search warrant.  *See Adkins*, 169 Fed. App'x. at 967. Thus, the Court finds that the Affidavit in this case failed to establish probable cause to search for child pornography.

### C.    Good Faith

The Defendant has objected to the Magistrate Judge's finding that, despite the absence of probable cause to support a search for child pornography, the good faith exception precludes suppression of the evidence.  In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court

established the good faith exception, stating that evidence should be suppressed based upon a lack of probable cause only if the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable."  *Leon*, 468 U.S. at 923. However, there are four exceptions to this rule which must be considered: (1) where the supporting affidavit contains information the affiant knew or should have known is false; (2) where the issuing magistrate lacked neutrality and detachment; (3) where the affidavit is devoid of information that would support a probable cause determination making any belief that probable cause exists completely unreasonable; or (4) where the warrant is facially deficient. *United States v. Helton*, 314 F.3d 812, 824 (6th Cir. 2003).

Here, law enforcement had a "reasonable basis to believe that the information that was submitted supported the issuance of a search warrant."  *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (emphasis omitted).  As noted by the Magistrate Judge, the authorities had evidence indicating that the Defendant was engaged in child molestation and online sexual activity with a minor.  Although the Affidavit did not contain expert information to establish probable cause, Detective Pickrell testified that the nature and amount of evidence led her to suspect, based on her experience and training, that the Defendant also possessed child pornography.  The Court agrees with the Magistrate Judge's finding that Detective Pickrell did not omit the expert evidence in bad faith or to mislead the state court judge.

In arguing that the good faith exception should not apply, the Defendant takes the position that the Affidavit in this case was "bare bones."  However, contrary to the Defendant's contention, the Court cannot agree with this assertion.  According to the Sixth Circuit, "bare

bones" affidavits contain only suspicion, beliefs, or conclusion, without providing some underlying factual circumstance to justify a warrant. *United States v. Laughton*, 409 F.3d 744, 748 (6th Cir. 2005). In the present case, the Affidavit contains information demonstrating that, at the very least, the Defendant was engaged in child molestation and illicit online activity. These activities are related to the possession of child pornography in that both involve sexual exploitation of minors. Thus, the Court finds that the officers were objectively reasonable in relying on the warrant to search for child pornography.

### III.   CONCLUSION

Having reviewed the record *de novo* in light of the Defendant's and the United States' objections, 28 U.S.C. § 636(b)(1)(C), and being otherwise sufficiently advised, the Court concurs in the Report and Recommendation of the Magistrate Judge. [Record No. 24] Accordingly, it is hereby **ORDERED** that:

1.      The Defendant's Motion to Suppress [Record No. 17] is **DENIED**;

2.      United States Magistrate Judge Robert Wier's Report and Recommendation, together with the findings and conclusions contained therein, are **ADOPTED** and **INCORPORATED** herein by reference; and

3.      The Defendant's objections [Record No. 25] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

4.      The United States' objections [Record No. 27] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

5.      The Defendant's motion to continue is **GRANTED**.  Trial shall commence on

**January 9, 2006**, beginning at the hour of **9:30 a.m.**, with counsel to be present

at **9:00 a.m.**

This 27th day of December, 2006.

Signed By:

_Danny C. Reeves_  DCR

**United States District Judge**